**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| In re: ) | |
| ) | Case No. 17-19898 TBM |
| WILD CALLING PET FOODS, LLC, ) | Chapter 7 |
| ) | |
| Debtor. ) | |
| ) | |
| ) | |
| JEFFREY L. HILL, Chapter 7 Trustee, ) | Adversary Proceeding No. |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| TMT DEVELOPMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

Plaintiff Jeffrey L. Hill, chapter 7 trustee, by and through his undersigned counsel, for his Complaint, states and alleges as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

## GENERAL ALLEGATIONS

5. Wild Calling Pet Foods, LLC ("Debtor") filed for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on October 25, 2017 (the "Petition Date").

6. The Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code on March 29, 2018 (Docket No. 133).

7. Jeffrey L. Hill ("Trustee") is the duly appointed chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

8. Defendant TMT Development, LLC ("Defendant") is a Colorado limited liability company with its principal place of business at 5428 W. 7th St. Rd., Greeley, CO 80634.

9. Defendant is an insider of the Debtor pursuant to 11 U.S.C. § 105(2) and (31).

10. Debtor made numerous payments to or for the benefit of Defendant in the two years prior to the Petition Date. Such payments include, but are not limited to, a payment of $22,000.00 on October 3, 2017. Such payments are collectively referred to herein as the "Pre-Petition Payments."

11. Upon information and belief, some of the Pre-Petition Payments were made to pay antecedent debt owed by Debtor to Defendant.

12. Upon information and belief, some of the Pre-Petition Payments were made for no consideration or for inadequate consideration.

13. Upon information and belief, some of the Pre-Petition Payments were made to hinder, delay, or defraud creditors of Debtor.

14. The Pre-Petition Payments were "transfers" as that term is defined in Section 101(54) of the Bankruptcy Code.

## FIRST CLAIM FOR RELIEF
### (Avoidable transfer under 11 U.S.C. § 547(b))

15. Trustee incorporates by this reference the allegations contained in Paragraphs 1 through 14 above as though more fully set forth in this Claim for Relief.

16. The Pre-Petition Payments were made to or for the benefit of Defendant.

17. At the time of certain Pre-Petition Payments, Defendant was a creditor of the Debtor.

18. Certain of the Pre-Petition Payments were made for or on account of an antecedent debt owed by the Debtor before such transfers were made.

19. Certain of the Pre-Petition Payments were made while the Debtor was insolvent.

20. Certain of the Pre-Petition Payments were made on or within ninety days of the Petition Date.

21. The Pre-Petition Payments enabled Defendant to receive more than Defendant would receive if (a) the Debtor's case were a case under Chapter 7 of the Bankruptcy Code; (b) the Pre-Petition Payments had not been made; and (c) Defendant received payment of the purported debt owed by the Debtor to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding certain of the Pre-Petition Payments pursuant to 11 U.S.C. § 547(b); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the avoided transfers or the value thereof from Defendant; and (c) granting such other relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF
### (Fraudulent Transfers—11 U.S.C. § 548(a)(1)(B))

22. Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 21 as though more fully set forth in this First Claim for Relief.

23. Under 11 U.S.C. § 548(a)(1)(B), Trustee may avoid any transfer of an interest of a debtor in property made within two years of the Petition Date if the debtor received less than a reasonably equivalent value for the transfer and "(I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; [or] (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured."

24. Debtor made certain of the Pre-Petition Payments within two years of the Petition Date.

25. Debtor did not receive reasonably equivalent value in exchange for certain of the Pre-Petition Payments.

26. On the date such Pre-Petition Payments were made, Debtor was either:

    a. insolvent or became insolvent as a result of the payments;

    b. engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or,

   c. intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

27. As a result of the foregoing, certain of the Pre-Petition Payments are avoidable by Trustee pursuant to 11 U.S.C. § 548(a)(1)(B).

28. Through discovery it may become known that additional payments were made by Debtor to Defendant during the two-year period before the Petition Date. Trustee asserts that all or a portion of such additional payments may be avoidable as by the Trustee under 11 U.S.C. § 548(a)(1)(B) and are included in the definition of transfers or "Pre-Petition Payments."

29. If any Pre-Petition Payments are avoided pursuant to 11 U.S.C. § 548(a)(1)(B), Trustee may recover, under 11 U.S.C. § 550(a), the property transferred or the value of said property.

WHEREFORE, Trustee respectfully requests that the Court enter judgment in his favor and against Defendant as follows: (a) avoiding certain of the Pre-Petition Payments pursuant to 11 U.S.C. § 548(a)(1)(B); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of the property subject to the Transfer or the value thereof as set forth herein; and (c) granting such other relief as the Court deems just and appropriate.

## **THIRD CLAIM FOR RELIEF**
**(Fraudulent Transfers—11 U.S.C. § 548(a)(1)(A))**

30. Trustee incorporates by this reference the statements and allegations contained in paragraphs 1 through 29 as though more fully set forth herein.

31. Under 11 U.S.C. § 548(a)(1)(A), Trustee may avoid any transfer of an interest of Debtor in property made within two years of the Petition Date when such transfer is made with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted.

32. Debtor made the Pre-Petition Payments within two years of the Petition Date.

33. Certain of the Pre-Petition Payments to Defendant were made with the actual intent to hinder, delay or defraud creditors of Debtor.

34. Actual intent is shown by, among other facts, the facts alleged above and the following "badges of fraud":

   a. the Pre-Petition Payments were made to an insider;

   b. The Pre-Petition Payments consisted of all or substantially all of Debtor's assets;

  c. the Pre-Petition Payments occurred before or after substantial debt was incurred;

  d. Debtor received no consideration in exchange for certain of the Pre-Petition Payments;

  e. Certain of the Pre-Petition Payments were made after litigation was commenced against Debtor;

  f. Debtor was insolvent or became insolvent as a result of the Pre-Petition Payments; and

  g. the Pre-Petition Payments were made as part of Debtor's pre-bankruptcy planning scheme.

35. As a result of the foregoing, certain of the Pre-Petition Payments are avoidable by Trustee pursuant to 11 U.S.C. § 548(a)(1)(A).

36. If any Pre-Petition Payments are avoided pursuant to 11 U.S.C. § 548(a)(1)(A), Trustee may recover, under 11 U.S.C. § 550(a), the property transferred or the value of said property.

37. Trustee asserts that through discovery it may become known that additional payments were made by Debtor to Defendant during the two-year period before the Petition Date. Trustee asserts that all or a portion of such additional payments may be avoidable by Trustee under 11 U.S.C. § 548(a)(1)(B) and are included in the definition of transfer or "Pre-Petition Payment."

WHEREFORE, Trustee respectfully requests that the Court enter judgment in his favor and against Defendant (a) avoiding certain of the Pre-Petition Payments pursuant to 11 U.S.C. § 548(a); (b) authorizing, pursuant to 11 U.S.C. § 550(a), the recovery of certain Pre-Petition Payments from Defendant or the value thereof as set forth herein; and (c) granting such other relief as the Court deems appropriate.

Dated this 24th day of October, 2019.

        Respectfully submitted,

        WADSWORTH GARBER WARNER CONRARDY, P.C.

        */s/David J. Warner*
        David J. Warner, #38708
        2580 W. Main St., Ste. 200
        Littleton, CO 80120
        303-296-1999 / 303-296-7600 FAX
        dwarner@wgwc-law.com
        Attorneys for the Plaintiff/Chapter 7 Trustee